UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONCEF LAOUINI, Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1051- SEB-TAB |
| | ) | |
| CLM FREIGHT LINES, INC., Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT**

"Procrastination is the thief of time." Edward Young (English Poet - 1683-1765).

Plaintiff, Moncef Laouni, was an employee of Defendant, CLM Freight Lines, Inc. ("CLM"), until he was fired on June 16, 2006. He claims he was the victim of discrimination due to his Arabic heritage and has brought this lawsuit pursuant to Title VII of the Civil Rights Act. CLM has filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), seeking to have Plaintiff's compliant dismissed (Doc. #11).

It is agreed by the parties that the last day upon which Plaintiff could file a timely charge of discrimination with the Equal Employment Opportunity Commission was April 12, 2007. "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir.2005). "Filing a timely charge with the EEOC is not a jurisdictional prerequisite to

suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion." *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007). Because it is an affirmative defense, it is Defendant's burden to prove that Plaintiff's charge was not timely filed. *Id*.

CLM's motion to dismiss includes an attached copy of Plaintiff's EEOC charge which is file stamped as received by the local EEOC District Office on April 16, 2007. The charge was signed by Plaintiff and dated some five months prior, on November 10, 2006. CLM has also submitted a copy of the Dismissal and Notice of Rights form which the EEOC issued to Plaintiff, indicating that his charge was rejected for not having been filed in a timely manner. We consider materials extrinsic to the pleadings when considering a 12(b)(6) motion to dismiss; but doing so requires the conversion of the motion to one for summary judgment, pursuant to Fed. R. Civ. P. 56, and Plaintiff is, of course, permitted an opportunity to submit his own materials in response to those submitted by Defendant. *Alioto v. Marshall Fields & Co.*, 77 F.3d 934, 936 (7th Cir. 1996).

In support of his response to Defendant's motion, Plaintiff has tendered the affidavit of Lynn Oliver, an eleven-year employee of the local EEOC office, whose responsibilities include receiving and docketing EEOC charges. In her affidavit, Ms. Oliver states that, during her tenure at the local EEOC office, the office has accepted filings "by multiple means including via fax." She also explains that, if an EEOC Charge

is faxed to the office between the hours of 8:00a.m. and 4:30 a.m. on a business day, it will be deemed by that office as filed on that date. Included in her affidavit is the fax line telephone number which she customarily directs attorneys to utilize when filing a charge.

Plaintiff has also submitted the affidavit of his counsel, Ronald Weldy, incorporating two attachments: a telefax transmission cover page bearing Mr. Weldy's firm's letterhead and a "Fax Call Report" confirmation page from a telefax machine apparently registered to the firm's telefax number. Mr. Weldy asserts in his affidavit that his office telefaxed Mr. Laouini's EEOC Charge to the fax number utilized by the local EEOC office on April 12, 2007, and thereafter received confirmation of the delivery of the fax at 4:06 p.m. on the same day, as shown on the confirmation page attached to his affidavit.

Along with these submissions and his brief in opposition to Defendant's motion, Plaintiff had filed a motion seeking a *nunc prop tunc* entry deeming the Laouini EEOC charge filed on April 12, 2007. We denied that motion in January of this year. Also during January, 2008, Defendant filed its Motion to Strike the Affidavit of Ronald Weldy (Doc. #22), arguing that the affidavit submitted in response to CLM's motion and its exhibits should be stricken because they were not based upon the affiant's personal knowledge and therefore contained inadmissible evidence. CLM specifically challenged Mr. Weldy's averment that his office telefaxed the charge to the EEOC and received a

confirmation of delivery on the grounds that these are facts which are outside the attorney's personal knowledge.

In partial response to his challenged affidavit, Mr. Weldy filed an Amended Affidavit, setting forth additional details regarding the chronology of events on April 12, 2008, representing that the only fact of which he can not be personally certain is whether it was he or his assistant who fed the pages of the charge into the fax machine for transmission to the EEOC. He states in the Amended Affidavit that he, personally, confirmed that the fax had been received by the EEOC by checking the telefax confirmation sheet which his machine generated. His affidavit further states that he is the owner and person in charge of his law firm, is responsible for directing the activities of all non-lawyers and is the custodian of all documents generated or maintained at the firm, and that the two exhibits attached to his affidavit are regularly kept records of the firm.

Mr. Weldy's Amended Affidavit did not convince CLM, which filed another motion, this one entitled "Defendant's Motion to Strike Submission of Amended Affidavit" (Doc. #30). CLM's motion challenges the new affidavit submitted by Plaintiff as presenting facts which are outside Mr. Weldy's personal knowledge. In response to CLM's second motion to strike, Mr. Weldy reiterated that he possesses personal knowledge: (1) that he prepared the EEOC charge, (2) that he directed that the charge be telefaxed to the EEOC on April 12, 2007, (3) that he directed the EEOC, via the cover sheet accompanying the charge, to file stamp the charge as of that date, and (4) that he

confirmed the transmission of the fax by reviewing the confirmation page generated by his firm's fax machine. He also included for the first time, in his verified response, that his firm's records reflected that the Plaintiff's charge was the only document faxed to the EEOC on April 12, 2007, which he contends, makes even more clear the fact of timely delivery of Plaintiff's charge to the EEOC.

CLM responds with an explanation of what it regards as the deficiencies in Mr. Weldy's affidavit testimony, the submitted exhibits and the conclusions which Plaintiff erroneously attempts to draw from them. CLM notes that Mr. Weldy does not and can not say that he personally fed the pages of the charge into his office's fax machine and transmitted them to the EEOC local office. He can only say that he reviewed a fax transmission sheet that indicates that his fax machine transmitted a three-page fax to a telephone number attributed to the local EEOC office. However, the sending of the document and the generation of the form confirming the sending of a three-page fax does not conclusively establish that the EEOC actually received a copy of the charge, either in a timely or legible form at its office. In short, CLM stresses, Plaintiff has not proven and can not prove that the charge was timely filed.

CLM also submits as a part of its reply a certified document from the EEOC files relating to Plaintiff's charge. That document - a memo drafted by EEOC investigator, Samuel Norvanis - provides as follows:

> I contacted Mr. Weldy to review R's [responding party] position statement with him. I advised Mr. Weldy that R has pointed out that CP's [charging party] charge was untimely filed. I explained that the documentation contained in the case file reflects that we received CP's charge on April 16, 2007. Respondent stated that the complaint was 304 days old at the time it was received by the EEOC. I informed Mr. Weldy that my calculations were the same. I pointed out to Mr. Weldy that we have retained the envelope that his office used to mail the charge to the EEOC. I advised Mr. Weldy that the letter reflects a post mark of April 12, 2006. I also noted that the charge reflects that CP signed his charge on November 10, 2006, but it was not mailed to the EEOC until April 12, 2006. Mr. Weldy did not explain why he waited so long to mail CP's charge. Mr. Weldy stated that his assistant fax [*sic*]a copy of CP's charge to the EEOC, on April 12, 2007. Weldy noted that April 12, 2007 was the 300 day. I informed Mr. Weldy that there is no evidence in the case file reflecting that we received a copy of CP's charge on April 12, 2007. Mr. Weldy stated that he would be willing to provide the Commission with a signed affidavit from his assistant attesting to the fact that she faxed CP's charge to the EEOC on April 12, 2007. He also stated that he has a copy of the fax confirmation. I advised Mr. Weldy that I will document his response to the file. I also noted that it is unlikely that we will continue the investigation based the jurisdictional issue. Weldy argued that we could continue the investigation. I advised Mr. Weldy that management will review the file and make a determination.

## *ANALYSIS*

We elect to treat CLM's motion as a Rule 56 motion for summary judgment to permit a full examination and consideration of the documents submitted by both sides in order to fairly resolve this procedural dispute. Plaintiff has notice of the dispositive nature of the motion before the Court and, indeed, has responded with his own affidavits and exhibits for the court's consideration. We shall deny the two motions to strike filed by CLM, because Mr. Weldy is clearly in a position to authenticate his submitted exhibits and has supplemented those submissions with affidavits based on his own personal

knowledge.  This is not to say, however, that we accept the conclusions he and his client have drawn from their submissions.

Because CLM's motion raises an affirmative defense, we must determine whether CLM has proven that Plaintiff's charge was not timely filed with the EEOC.  After careful review, we conclude that it was not timely filed, based on the following incontrovertible facts:

> (1) The affidavit of Lynn Oliver at the EEOC avers that,  "[A]n EEOC Charge faxed to our office during business hours, 8:00 a.m. to 4:30 p.m. will be deemed filed as of that date," and the EEOC did not deem Plaintiff's charge filed on April 12, 2007.
>
> (2) The EEOC file materials indicate that the agency has no evidence indicating that it received a telefaxed copy of Plaintiff's charge on April 12, 2007, and that its only copy of the charge is marked as having been received by mail on April 16, 2007.
>
> (3) Plaintiff has not provided affidavit testimony from any person stating that he or she personally fed the charge pages into a telefax machine and transmitted them to the EEOC.
>
> (4) The fax confirmation sheet from Mr. Weldy's office does not conclusively establish receipt of the charge by the EEOC, only that something was sent.
>
> (5) The EEOC's procedural regulations do not recognize telefax filing of charges, providing that: "A charge may be made in person or by mail at any office of the Commission or with any designated representative of the Commission."  29 C.F.R. § 1601.8.

Plaintiff's counsel no doubt regrets having waited until the last minute to submit his client's charge, especially given that Plaintiff executed the charge several months

prior.  The wages of such procrastination can be devastatingly high.  While the local EEOC office may allow fax filings of charges, it is not required to do so under agency regulations, and any counsel who ignores regulatory requirements acts at his or her peril, even if local officials attempt to accommodate requests to file documents by fax.  We note as well that because an original signature cannot be placed on a telefaxed copy of a charge, it is questionable that the additional regulatory requirement that the charge be signed and verified could be satisfied,  even if a local office chooses to accept faxed filings.  *See* 29 C.F.R. § 1601.9.  We leave that dispute, however, for another day.

   The evidence before the Court does not support a conclusion that the EEOC office received Plaintiff's filing and entered it in its records as a charge filed as of that date.  We lack any averment from a person who actually faxed the documents, and, while the fax confirmation sheet suggests that something was sent to the EEOC via telefax on April 12, 2007, it can not establish that anything was received on the other end, nor that what was sent was Plaintiff's charge.  Electronic malfunctions are hardly unheard of in this technological age in which we live, and no one has testified to any follow up, after the fax was sent, with the EEOC office by telephone or otherwise to confirm that the charge had been received and file stamped April 12, 2007.  The affidavit of Ms. Oliver, submitted by Plaintiff, actually hurts  Plaintiff's case more than it helps it, by averring that if the faxed charge had been received, it would have been file stamped as of the date it was sent.  But

the EEOC had no record of receiving the faxed charge at all, only the mailed document, which arrived four days too late.

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Our ruling on a motion for summary judgment is akin to that of a directed verdict. The essential question for a court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## *Conclusion*

We have considered the parties' arguments and parsed their submissions and necessarily conclude that Plaintiff's charge was not filed in time. Because a timely charge is a prerequisite to bringing a judicial action under Title VII, summary judgment in favor of CLM is appropriate.

Accordingly, Defendant's Motion to Strike Affidavit (Doc. #22) and Defendant's Motion to Strike Submission of Amended Affidavit (Doc. #30) are both DENIED. Defendant's Motion to Dismiss (Doc. #11) is converted to a motion for summary judgment and GRANTED. A separate and final judgment in favor of Defendant, CLM Freight Lines, Inc. Shall be entered contemporaneously to this ruling.

IT IS SO ORDERED 09/25/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Mark W. Ford
ICE MILLER LLP
mark.ford@icemiller.com

Susannah M. Pieper
ICE MILLER LLP
susannah.pieper@icemiller.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com